ARMCO INC. and CF&I STEEL CORPORATION, PLAINTIFFS *v.* UNITED STATES, DEFENDANT

Court No. 80-9-01435

*Memorandum to Accompany Order*

(Dated January 23, 1981)

RICHARDSON, Judge: In this action to review the International Trade Commission's (ITC) negative determination in an antidumping investigation of steel wire nails from the Republic of Korea various parties move for leave to intervene in the action as a matter of right, and plaintiffs cross move to have the proposed answer annexed to the intervention motion stricken. The defendant took no part in the motions.

In the moving papers all but one of the applicants contend that they are entitled to intervene as of right as "interested parties" who were involved in the administrative proceedings. It is asserted that the applicant Korea Metal Industry Cooperative (KMIC) is an unincorporated association organized under the laws of the Republic of

Korea, is an association of Korean companies that manufacture metal products, that its members include the producers and exporters of steel wire nails which were the subject of the challenged determination and also producers and exporters of steel wire nails which were not investigated, and that the KMIC participated in the administrative proceedings before Treasury, Commerce, and the ITC.

It is further asserted that applicants Ah Ju Steel Co. Ltd. (formerly Murakami Kogyo Co. (MASAN) Ltd.), Han Duk Steel Co., Ltd. (formerly Korea Murata Industrial Co. Ltd.), Je Il Steel Co. Ltd. (formerly Kankoku Nittei Co. Ltd.), Kankoku Nitto Co. Ltd., Korea Nippon Seisen Co. Ltd., and Kuk Dong Metal Ind. Co. are companies organized under the laws of the Republic of Korea, are producers and exporters of steel wire nails from the Republic of Korea the subject of the challenged determination, and were parties to the administrative proceedings before Treasury, Commerce and the ITC Additionally, they assert that they are "interested parties" within the meaning of 19 U.S.C.A. 1677(9)(A) (sec. 771(9)(A), Tariff Act of 1930 as amended) who have the right to appear and be heard in this action in accordance with 19 U.S.C.A. 1516a(d) (sec. 516A(d), Tariff Act of 1930 as amended). The KMIC does not make this assertion on its own behalf.

A copy of the proposed answer setting forth the defense of the applicants is annexed to the moving papers as required by rule 24(c) of the court's rules.

In the cross-moving papers plaintiffs, while not contesting the applicants' asserted right to appear and be heard in the action, are opposed to their appearance as parties plaintiff or defendant, and to their interposition of a formal pleading which takes the form of an answer that essentially repeats the averments of defendant's answer as to which issue has been joined. Plaintiffs assert that the court should require of the applicants only a concise statement of their interest, and the grounds upon which intervention is sought—calling attention to the fact that applicants' proposed answer was in effect generated when defendant served a copy of its answer upon the applicant KMIC whom plaintiffs characterize as a "nonparty".

On the basis of the papers before the court, it is clear to the court that the applicants' motion must be granted except as to the applicant KMIC, as to whom the motion must be denied, and further, that plaintiffs' cross-motion must be denied.

With the exception of the KMIC the applicants are "parties in interest" within the meaning of section 1677(9)(A) because they are foreign manufacturers, producers, or exporters. However, the KMIC is not a foreign manufacturer, producer, or exporter. It is a foreign business association. And no provision has been made in the statute

for inclusion of foreign business associations within the definition of "interested parties," as has been done in the statute with respect to business associations of *domestic* manufacturers, producers, or wholesalers, and even importers. *Cf. Asahi Chemical Industry Company, Ltd., et al.,* plaintiffs, v. *United States,* defendant, *American Yarn Spinners Association,* intervenors, Court Nos. 80–5–00755–S and 80–5–00755 (Slip Op. 80–5 at p. 35).

The provision for or reference to "other parties to the investigation" appearing in 19 U.S.C.A. 1673b(f) (sec. 733(f), Tariff Act of 1930 as amended) is broad enough in scope to include a foreign business association (of manufacturers, producers, or exporters) for *investigatory purposes* before the ITC. However, judicial review may be sought only by "an interested party who is a party to the proceeding in connection with which the matter arises" (19 U.S.C.A. 1516a(a) (sec. 516A(a), Tariff Act of 1930 as amended)). Thus, while the KMIC may come within the ambit of the term "other parties" for purposes of ITC *investigation* (For obvious reasons no attempt has been made in the statute to limit the parties whom the ITC may consult or contact in the prosecution of an investigation.), it is not within the scope of the term "interested parties" for *judicial review* purposes.

The court, therefore, agrees with plaintiffs' characterization of the KMIC as a "nonparty". And it follows that although the party initiating this action was obliged to serve copies of its pleadings upon the Korean nail manufacturers, producers, or exporters in accordance with the requirement of section 1516a(d), the statutory mandate for pleading service did not extend to the KMIC—a "nonparty" in the judicial review sense.

With respect to the proposed pleading annexed to the moving papers, it is to be noted that although the applicants could have adopted the defendant's pleading as their own (See *Dalva* v. *Bailey,* 158 F. Supp. 204, 207, S.D.N.Y., 1957), the proposed answer does not repeat the allegations of the defendant's answer *in toto,* and as such, constitutes a useful pleading to put in issue an allegation of the complaint not controverted by the defendant, i.e., paragraph 16[1] of the complaint.

## ORDER

RICHARDSON, Judge: Upon reading and filing the motion of Korea Metal Industry Cooperative (KMIC), and Ah Ju Steel Co. Ltd. (formerly Murakami Kogyo Co. (MASAN) Ltd.), Han Duk Steel Co. Ltd. (formerly Korea Murata Industrial Co. Ltd.), Je Il Steel Co.

---

[1] Paragraph 16 of the complaint alleges: "The majority (of the ITC) concluded that there was 'no causal link' between the economic condition of the United States nail industry and imports of Korean nails which the Commerce Department determined are being sold in the United States at less than fair value."

136

Ltd. (formerly Kankoku Nittei Co. Ltd.), Kankoku Nitto Co. Ltd., Korea Nippon Seisen Co. Ltd., and Kuk Dong Metal Ind. Co. for leave to intervene in this action as parties defendant together with the proposed answer attached thereto, and plaintiffs' cross-motion to strike said proposed answer, and due deliberation having been had and the court having filed its memorandum of decision,

Now, therefore, it is

ORDERED that plaintiffs' said cross-motion to strike be, and the same hereby is, denied, and it is further

ORDERED that the motion of Korea Metal Industry Cooperative (KMIC) for leave to intervene herein be, and the same hereby is, denied and it is further

ORDERED that the motion of Ah Ju Steel Co. Ltd. (formerly Murakami Kogyo Co. (MASAN) Ltd.), Han Duk Steel Co. Ltd. (formerly Korea Murata Industrial Co. Ltd.), Je Il Steel Co. Ltd. (formerly Kankoku Nittei Co. Ltd.), Kankoku Nitto Co. Ltd., Korea Nippon Seisen Co. Ltd., and Kuk Dong Metal Ind. Co. for leave to intervene herein be, and the same hereby is, granted, and the proposed answer attached to said motion is hereby deemed to be the answer of said intervenor-defendants.